IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| BRIAN SORENSEN and NICOLE SORENSEN, individually and as Next Friends to D.S., O.S., V.S., and W.S., MINORS, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| JOSEPH ANAYA, and BRIDGESTONE HOSEPOWER LLC, | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Brian Sorensen ("Brian"), Nicole Sorensen ("Nicole"), D.S., O.S., V.S., and W.S., (collectively referred to as "The Sorensens" or "Plaintiffs") complaining of Defendants Joseph Anaya and Bridgestone Hosepower LLC, and for cause of action would show the Court the following:

## I. PARTIES

1.      Plaintiff Brian Sorensen is an individual who resides and is domiciled in Kermit, Texas.

2.      Plaintiff Nicole Sorensen is an individual who resides and is domiciled in Kermit, Texas.

3.      Plaintiff D.S. is the minor child of Brian and Nicole Sorensen and is an individual who resides and is domiciled in Kermit, Texas.

4.     Plaintiff O.S. is the minor child of Brian and Nicole Sorensen and is an individual who resides and is domiciled in Kermit, Texas.

5.     Plaintiff V.S. is the minor child of Brian and Nicole Sorensen and is an individual who resides and is domiciled in Kermit, Texas.

6.     Plaintiff W.S. is the minor child of Brian and Nicole Sorensen and is an individual who resides and is domiciled in Kermit, Texas.

7.     Defendant **Joseph Anaya** ("Defendant Anaya") is an individual who resides and is domiciled at 1424 S. Grimes St., Hobbs, New Mexico 88240. Defendant Anaya may be served at that address or wherever Defendant Anaya may be found.

8.     Defendant **Bridgestone Hosepower, LLC.** ("Defendant Bridgestone") is a Delaware corporation with its principal office located in Hobbs, New Mexico. At all times relevant to the acts and omissions underlying this Lawsuit, Defendant Bridgestone was registered and authorized to do business in the state of Texas. Defendant Bridgestone may be served with process through its registered agent for service, Corporation Service Company DBA CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever said agent may be found.

## II.  JURISDICTION

9.     There is complete diversity of citizenship among and between the parties to this civil action, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Thus, this district court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).

## III.  VENUE

10.     A substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Western District of Texas. Thus, venue in the United States District Court for the Western District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2).

## IV.  FACTS

11.     Prior to January 17, 2023, Defendant Anaya was hired by Defendant Bridgestone. On January 17, 2023, the date of the Collision underlying this Lawsuit, Defendant Anaya, who was twenty (20) years old, was employed by Defendant Bridgestone and was entrusted to drive a truck and pull a trailer on behalf of Defendant Bridgestone. At the time of the Collision, Defendant Anaya was in the course and scope of his employment with Defendant Bridgestone. Or, alternatively, at the time of the Collision, Defendant Anaya was acting as an authorized agent of Defendant Bridgestone.

12.     On January 17, 2023, at approximately 10:54 a.m., The Sorensens were traveling eastbound in their 2000 Ford Excursion on State Highway 115 approaching the intersection with Farm to Market Road 181 ("FM 181") in Andrews County, Texas. Brian Sorensen was driving The Sorensen's vehicle. At the same time, Defendant Anaya was traveling south on FM 181, approaching the intersection with State Highway 115. At the intersection of State Highway 115 and FM 181 (the "Intersection"), the FM 181 traffic has a stop sign, but the State Highway 115 traffic does not. Defendant Anaya—faced with a stop sign —failed to yield the right of way at the Intersection. As a result, the Bridgestone Hosepower truck driven by Defendant Anaya slammed into The Sorensen's vehicle causing it to veer off the road, hit a light pole, and roll (the "Collision").

13.     At the time of the Collision: (a) there was nothing impeding Defendant Anaya's ability to see and observe the stop sign applicable to him at the Intersection, (b) nothing preventing

Mr. Anaya from being able to stop and remain stopped until the Sorensens' vehicle cleared the Intersection, and (c) nothing impeding Mr. Anaya's ability to see the Sorensens' vehicle as it approached the Intersection.

14.    The photo below indicates the catastrophic magnitude of the Collision.



15.    At the time of the Collision, Brian Sorensen was driving the above-pictured vehicle and was properly restrained. Nicole Sorensen, Brian's wife, was in the second row—left hand seat, properly restrained. Nicole was sitting in this seat to be close to Brian's and Nicole's infant son, V.S. V.S. was seated in the second row—right hand seat. D.S., W.S., and O.S. were all seated in the third row. V.S., D.S., W.S., and O.S.—all biological children of Brian and Nicole Sorensen— were properly restrained in their car seats at the time of the Collision.

16.    Despite being properly restrained, all six (6) of the Sorensens suffered serious injuries (physical and mental) in the Collision. Brian's physical injuries (which included, but were not limited to, a pilon fracture of his right ankle, a severe patella fracture of the knee, and a compression fracture of his spine at level L2, with retropulsion of the disc) were life threatening and necessitated him being care flighted to a trauma center. The injuries of Nicole and the children necessitated them being taken to the hospital by ambulance for emergency medical treatment. The

physical and mental injuries of the Sorensens have necessitated extensive medical treatment (including Brian undergoing numerous surgeries) and are ongoing.

17.     The Andrews County Sheriff's Office dispatched Texas State Trooper Zachary Sanchez ("Officer Sanchez") to investigate the Collision. Officer Sanchez's crash report concluded that Defendant Anaya was solely at fault for the Collision and Officer Sanchez cited Defendant Anaya for failing to yield the right of way at a stop sign (Citation No. TX6HTC0JVBTX).

18.     As a direct result of all Defendants' negligence, The Sorensens suffered—and will continue to suffer—serious injuries for which they seek full recovery through this Lawsuit.

## V.  CAUSES OF ACTION

19.     The foregoing portions of this Complaint are hereby incorporated by reference for all purposes. The facts set forth above give rise to at least the following causes of action, which are hereby asserted:

### A.    Negligence Asserted by All Plaintiffs—Defendant Joseph Anaya

20.     Under Texas law, Defendant Anaya had a duty to, among other things, exercise ordinary care and operate his vehicle reasonably and prudently.

21.     Defendant Anaya breached his duty of care in at least the following ways:

   a.  Failing to yield the right of way at a stop sign;

   b.  Failing to timely apply the brakes;

   c.  Failing to maintain a proper lookout;

   d.  Driving distracted;

   e.  Failing to maintain proper control of Defendants' vehicle;

   f.  Failing to turn the vehicle to avoid the Collision; and

   g.  Failing to operate the vehicle in a reasonably attentive manner.

22.     Defendant Anaya's acts and/or omissions constitute a failure to exercise ordinary care as described above. Defendant Anaya's failure to use ordinary care was a proximate cause of Plaintiffs' injuries and damages–making Defendant Anaya liable for said injuries and damages.

**B.     Bystander Claims of Nicole Sorensen, D.S., O.S., and W.S.—Defendant Joseph Anaya[1]**

23.     Brian Sorensen suffered serious (life-threatening) injuries in the Collision. As noted above, Nicole Sorensen is Brian Sorensen's wife and D.S., O.S., and W.S. are all the biological children of Brian and Nicole. At the time of the Collision (proximately caused by the negligence of Defendant Anaya), Nicole Sorensen, D.S., O.S., and W.S. were all in the vehicle with Brian Sorensen. Each of them contemporaneously observed the Collision (they lived it) and, in addition to suffering their own direct physical and mental injuries from being involved in the Collision, they heard and saw the serious injuries inflicted upon Brian—suffering shock and other compensable damages because of their contemporaneous observance of Brian's injuries. Thus, in addition to giving rise to the negligence claims asserted above, the negligent acts and omissions of Defendant Anaya also give rise to bystander claims on the part of Nicole Sorensen, D.S., O.S., and W.S.—which they hereby assert.

**C.     Vicarious Liability Asserted by All Plaintiffs—Defendant Bridgestone Hosepower, LLC.**

24.     Defendant Bridgestone is legally responsible for the negligent conduct of Defendant Anaya under the doctrine of *respondeat superior* because, at all relevant times, Defendant Anaya was acting within the course and scope of his employment with Defendant

---

[1] Plaintiff V.S. was approximately three (3) weeks old at the time of the Collision. A bystander claim is not currently being asserted for Plaintiff V.S. However, Plaintiff V.S. reserves the right to assert a bystander claim in the future.

Bridgestone and/or acting as an authorized agent of Defendant Bridgestone with actual or apparent authority.

25.     As a result, Defendant Bridgestone is liable for all of Plaintiffs' injuries and damages, including bystander damages, proximately caused by the negligence of Defendant Anaya.

## VI.  DAMAGES

26.     The foregoing portions of this Complaint are hereby incorporated by reference for all purposes. The facts and causes of action set forth above entitle Plaintiffs to legal recovery for at least the following damages—for which Plaintiffs' hereby plead for full recovery:

### A.     Direct Damages—Brian Sorensen

27.     As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff Brian Sorensen suffered and continues to suffer serious injuries. These injuries are ongoing and, to-date, have necessitated numerous surgical procedures and months of rehabilitation. Brian's legally compensable damages include, but are not limited to:

a.     physical impairment sustained in the past;

b.     physical impairment that Brian will, in reasonable probability, sustain in the future;

c.     physical pain sustained in the past;

d.     physical pain that Brian will, in reasonable probability, sustain in the future;

e.     mental anguish sustained in the past;

f.     mental anguish that Brian will, in reasonable probability, sustain in the future;

g.     disfigurement sustained in the past;

h.     disfigurement that Brian will, in reasonable probability, sustain in the future;

i.     loss of household services sustained in the past;

j.      loss of household services that Brian will, in reasonable probability, sustain in the future;

k.      loss of earning capacity sustained in the past;

l.      loss of earning capacity that Brian will, in reasonable probability, sustain in the future;

m.      reasonable expenses of necessary medical care incurred in the past; and

n.      reasonable expenses of necessary medical care that, in reasonable probability, Brian will incur in the future;

28.      Some of Brian's injuries are, in reasonable probability, permanent in nature.

**B.      Damages—Nicole Sorensen**

29.      As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff Nicole Sorensen suffered and continues to suffer serious injuries. These injuries are ongoing, and some of Nicole's injuries are, in reasonable probability, permanent in nature. Nicole's legally compensable damages include, but are not limited to:

**i)      Direct Damages**

a.      physical impairment sustained in the past;

b.      physical impairment that Nicole will, in reasonable probability, sustain in the future;

c.      physical pain sustained in the past;

d.      physical pain that Nicole will, in reasonable probability, sustain in the future;

e.      mental anguish sustained in the past;

f.      mental anguish that Nicole will, in reasonable probability, sustain in the

future;

g.      disfigurement sustained in the past;

h.      disfigurement that Nicole will, in reasonable probability, sustain in the future;

i.      loss of household services sustained in the past;

j.      loss of household services that Nicole will, in reasonable probability, sustain in the future;

k.      reasonable expenses of necessary medical care incurred in the past; and

l.      reasonable expenses of necessary medical care that, in reasonable probability, Nicole will incur in the future.

**ii)    Bystander Damages:**

a.      mental anguish sustained in the past as a result of Nicole's sensory and contemporaneous observance of the Collision that resulted in serious injury to Brian Sorensen; and

b.      mental anguish that, in reasonable probability, will be sustained in the future as a result of Nicole's sensory and contemporaneous observance of the Collision that resulted in serious injury to Brian Sorensen.

**C.      Damages—D.S.**

30.     As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff D.S. suffered and continues to suffer serious injuries. D.S.'s legally compensable damages include, but are not limited to:

**i)      Direct Damages:**

a.      physical pain sustained in the past;

b.      physical pain that D.S. will, in reasonable probability, sustain in the future;

c.      mental anguish sustained in the past;

d.      mental anguish that D.S. will, in reasonable probability, sustain in the future;

e.      reasonable expenses of necessary medical care incurred in the past; and

f.      reasonable expenses of necessary medical care that, in reasonable probability,
D.S. will incur in the future;

**ii)    <u>Bystander Damages:</u>**

a.      mental anguish sustained in the past as a result of D.S.'s sensory and
contemporaneous observance of the Collision that resulted in serious injury to Brian
Sorensen; and

b.      mental anguish that, in reasonable probability, will be sustained in the future as a
result of D.S.'s sensory and contemporaneous observance of the Collision that
resulted in serious injury to Brian Sorensen.

**D.     <u>Damages—O.S.</u>**

31.    As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff O.S.
suffered and continues to suffer serious injuries. O.S.'s legally compensable damages include, but
are not limited to:

**i)     <u>Direct Damages:</u>**

a.      physical pain sustained in the past;

b.      physical pain that O.S. will, in reasonable probability, sustain in the future;

c.      mental anguish sustained in the past;

d.      mental anguish that O.S. will, in reasonable probability, sustain in the future;

e.      reasonable expenses of necessary medical care incurred in the past; and

f.      reasonable expenses of necessary medical care that, in reasonable probability, O.S. will incur in the future;

**ii)    Bystander Damages:**

a.      mental anguish sustained in the past as a result of O.S.'s sensory and contemporaneous observance of the Collision that resulted in serious injury to Brian Sorensen; and

b.      mental anguish that, in reasonable probability, will be sustained in the future as a result of O.S.'s sensory and contemporaneous observance of the Collision that resulted in serious injury to Brian Sorensen.

**E.      Damages—V.S.**

32.      As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff V.S. suffered and continues to suffer serious injuries. V.S.'s legally compensable damages include, but are not limited to:

a.      physical pain sustained in the past;

b.      physical pain that V.S. will, in reasonable probability, sustain in the future;

c.      mental anguish sustained in the past;

d.      mental anguish that V.S. will, in reasonable probability, sustain in the future;

e.      reasonable expenses of necessary medical care incurred in the past; and

f.      reasonable expenses of necessary medical care that, in reasonable probability, V.S. will incur in the future;

**F.      Damages—W.S.**

33.     As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff W.S. suffered and continues to suffer serious injuries. W.S.'s legally compensable damages include, but are not limited to:

**i)      Direct Damages:**

a.      physical pain sustained in the past;

b.      physical pain that W.S. will, in reasonable probability, sustain in the future;

c.      mental anguish sustained in the past;

d.      mental anguish that W.S. will, in reasonable probability, sustain in the future;

e.      reasonable expenses of necessary medical care incurred in the past; and

f.      reasonable expenses of necessary medical care that, in reasonable probability, W.S. will incur in the future;

**ii)     Bystander Damages:**

a.      mental anguish sustained in the past as a result of W.S.'s sensory and contemporaneous observance of the Collision that resulted in serious injury to Brian Sorensen; and

b.      mental anguish that, in reasonable probability, will be sustained in the future as a result of W.S.'s sensory and contemporaneous observance of the Collision that resulted in serious injury to Brian Sorensen.

## VII.   JURY DEMAND

34.     Plaintiffs assert their right under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII.   RESERVATION OF RIGHTS AND CLAIMS

35.     Plaintiffs hereby reserve their right to, and place Defendants on notice of Plaintiffs' intention to, conduct discovery to investigate potential additional claims and causes of action against Defendants Anaya and Bridgestone, including but not limited to, claims for negligent entrustment, negligent operations, negligent hiring, negligent supervision, negligent retention, and/or gross negligence. Plaintiffs further reserve their rights to assert all additional claims supported by facts and evidence obtained after the filing of this Complaint.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Brian Sorensen, Nicole Sorensen, D.S., O.S., V.S., and W.S., respectfully request that the Court issue citation for Joseph Anaya and Bridgestone Hosepower LLC to appear and answer. Plaintiffs further pray for:

a.  Judgment against Defendants for all of Plaintiffs' actual damages;

b.  Pre-judgment and post-judgment interest as provided by law;

c.  Recoverable costs associated with the filing and prosecution of this action; and

d.  Such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

PATTERSON LAW GROUP

*/s/ Tennessee W. Walker*
Tennessee W. Walker
State Bar No. 24066253
W. Travis Patterson
State Bar No. 24080095
Gregory J. McCarthy
State Bar No. 13367500
Chris Mazzola
State Bar No. 24069114
Kolter R. Jennings
State Bar No. 24094048

PATTERSON LAW GROUP
2409 Forest Park Blvd.
Fort Worth, Texas 76110
817.784.2000 – phone/fax
legal@pattersonpersonalinjury.com
ATTORNEYS FOR PLAINTIFFS